IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BASHIE LOWENBEIN on behalf )
of herself and all others similarly situated )
)
)
       Plaintiff, )   11 CV 4238 (JG) (JO)
)
       -against- )
)
)
PHILLIPS & COHEN ASSOCIATES, LTD. )
       Defendant. )

**AMNENDED CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff Bashie Lowenbein seeks redress for the illegal practices of Phillips & Cohen Associates, Ltd. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") & the Telephone Communications Privacy Act.  The complaint was originally filed in the name of Shmuel Lowenbein which was a scrivener's error.

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed for a consumer purpose.

4. Defendant's principal place of business is located in Westhampton, New Jersey.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly

owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect an alleged consumer debt from the plaintiff.

10. As of August 10, 2011 defendant made 65 calls to an unauthorized wireless number belonging to plaintiff.

11. Defendant left pre recorded messages for plaintiff.

12. Said messages do not state that the communication was from a debt collector.

13. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

14. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

15. Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all those incoming calls. Plaintiff was not alerted to the calls beforehand.

16. Said message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice and 1692f(5) for unlawfully causing the plaintiff to incur a

charge.

17. Defendant left numerous pre-recorded messages which failed to identify the defendant's company name in violation of 1692d(6).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

19. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if set forth fully in this Cause of Action.

19. This action is brought on behalf of plaintiff and the members of three classes.

20. Class A consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

21. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

22. Class B consists of similarly situated consumers who received pre-recorded messages without disclosing the name of the defendant in violation of 1692d(6).

23. Class C consists of the class members who were charged for the call in violation of 1692f.

24. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

3

preferable in this case because:

- (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.
- (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.
- (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.
- (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
- (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

25. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in

the interest of judicial economy.

26. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. Collection attempts, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28. The actions of the defendant violate the Fair Debt Collection Practices Act.

29. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

### **AS AND FOR A SECOND CAUSE OF ACTION**

### *Violations of the Telephone Consumer Protection Act brought by plaintiff*

30. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

31. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating sixty-five (65) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

32. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant also without having included the proper name of the defendant or any name for that matter.

33. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the wireless telephone number at issue.

34. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

35. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

36. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by

6

calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law.  (*Sengenberger v. Credit Control Services, Inc*., 2010 U.S. Dist. LEXIS 43874)

Violations of the Telephone Communications Privacy Act

37. The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

38.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

39. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

40. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

41. The actions of the defendant violate the TCPA.

42. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

>(a) Statutory damages provided under the TCPA and injunctive relief;
>
>(b) Any other relief that this Court deems appropriate and just under the circumstances.

### AS AND FOR A THIRD CAUSE OF ACTION

*Violations of the FDCPA on an individual basis*

43. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

44. That on or about March 30, 2011 defendant left a message for the plaintiff which disclosed that it was concerning a debt.

45. The message which set forth that the message was from a debt collector was overheard by the plantiff's son in law.

46. That on or about November 10, 2010 a telephone message was left on the plaintiff's mother's phone which caused the plaintiff stress over having the plaintiff's mother being inconvenienced and bothered about the plaintiff's private business.

47. These messages which violated the plaintiff's right of privacy, were extremely embarrassing for the plaintiff.

48. Plaintiff suffered emotional distress damage due to the defendant's actions.

49. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) The defendant violated 15 U.S.C. § 1692c by disclosing to an unauthorized third party that plaintiff owed a debt or contacting a member of the plaintiff's family where the defendant already had plaintiff's contact information.

50. As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a) Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

    (b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (c) For such other and further relief as may be just and proper.

>           Dated: Cedarhurst, New York
>                  November 16, 2011

/s/

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/

_____
Adam J. Fishbein  (AF-9508)