UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHIE LOWENBEIN on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>Defendant. | **Civil Action No. 1:11-cv-4238-JG-JO** |

**DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S
ANSWER TO AMENDED CLASS ACTION COMPLAINT**

NOW COMES defendant, Phillips & Cohen Associates, Ltd. ("PCA"), by and through undersigned counsel, and for its Answer to plaintiff's Amended Class Action Complaint, states as follows:

**INTRODUCTION**

1. PCA admits that plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

**PARTIES**

2. PCA denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

3. PCA denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

4. PCA admits that it maintains an office in Westampton, New Jersey.

5. PCA admits only that as part of its business it provides debt collection services to third party clients. Except as specifically admitted, PCA denies the allegations in ¶ 5.

6. PCA admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), certain of its activities may be regulated by the FDCPA. Except as specifically admitted, PCA denies the allegations in ¶ 6.

## JURISDICTION AND VENUE

7. PCA admits only that this court has Federal question jurisdiction with respect to plaintiff's claim under the FDCPA.

8. PCA admits the allegations in ¶ 8 for venue purposes only with respect to plaintiff's FDCPA claim.

9. PCA admits only that it attempted to collect a debt owed by plaintiff.

10. PCA denies the allegations in ¶ 10.

11. PCA admits only that it left messages for plaintiff, but denies they were pre-recorded.

12. PCA denies the allegations in ¶ 12.

13. PCA denies the allegations in ¶ 13.

14. Paragraph 14 makes no allegations against PCA to which an Answer is required, but contains only a legal conclusion. To the extent an Answer is required and to the extent plaintiff has misstated the law, PCA denies the allegations in ¶ 14.

15. PCA denies the allegations in ¶ 15.

16. PCA denies the allegations in ¶ 16.

17. PCA denies the allegations in ¶ 17.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

19. PCA repeats and reiterates its answer to the allegations in ¶¶ 1 through 17 as if same were set forth herein at length.

19. [sic] PCA admits plaintiff purports to bring this action as a class action but denies it meets the requirements of Fed. R. Civ. P. 23.

20. PCA denies the allegations in ¶ 20.

21. PCA denies the allegations in ¶ 21.

22. PCA denies the allegations in ¶ 22.

23. PCA denies the allegations in ¶ 23.

24. PCA denies the allegations in ¶ 24, including sub-parts (A) through (E).

25. PCA denies the allegations in ¶ 25.

26. The allegations in ¶ 26 do not set forth an averment to which an Answer is required. To the extent an Answer is required, PCA denies the allegations in ¶ 26.

27. PCA denies the allegations in ¶ 27 as calling for a legal conclusion.

*Violations of the Fair Debt Collection Practices Act*

28. PCA denies the allegations in ¶ 28.

29. PCA denies the allegations in ¶ 29.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by the Plaintiff*

30. PCA repeats and reiterates its answer to the allegations in ¶¶ 1 through 29 as if same were set forth herein at length.

31. PCA denies the allegations in ¶ 31.

32. PCA denies the allegations in ¶ 32.

33. The allegations in ¶ 33 do not set forth an averment to which an Answer is required. To the extent an Answer is required, PCA denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

34. PCA denies the allegations in ¶ 34.

35. PCA denies the allegations in ¶ 35.

36. PCA denies the allegations in ¶ 36.

37. PCA denies the allegations in ¶ 37.

38. PCA denies the allegations in ¶ 38 as calling for a legal conclusion.

39. PCA denies the allegations in ¶ 39.

40. PCA denies the allegations in ¶ 40.

41. PCA denies the allegations in ¶ 41.

42. PCA denies the allegations in ¶ 42.

## AS AND FOR A THIRD CAUSE OF ACTION

### *Violations of the FDCPA on an individual basis*

43. PCA repeats and reiterates its answer to the allegations in ¶¶ 1 through 42 as if same were set forth herein at length.

44. PCA denies the allegations in ¶ 44.

45. PCA denies the allegations in ¶ 45.

46. PCA denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

47. PCA denies the allegations in ¶ 47.

48. PCA denies the allegations in ¶ 48.

49. PCA denies the allegations in ¶ 49, including sub-part (a).

50. PCA denies the allegations in ¶ 50.

AND NOW, in further Answer to the Amended Complaint, Phillips & Cohen Associates, Ltd. avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Amended Complaint fails to state a claim against PCA upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of PCA, or for whom PCA is not responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Assuming plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages

### FIFTH AFFIRMATIVE DEFENSE

One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

This Court has no subject matter jurisdiction over the TCPA claim.

### SEVENTH AFFIRMATIVE DEFENSE

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

### EIGHTH AFFIRMATIVE DEFENSE

The phone calls made by PCA are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has a business relationship with the creditor, and this business relationship extends to PCA, the creditor's debt collector.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff consented to receiving calls for the account at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

PCA called Plaintiff on the number that Plaintiff gave to the creditor.

## TWELFTH AFFIRMATIVE DEFENSE

PCA called Plaintiff on the number that the creditor gave to PCA.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Hobbs Act, 28 U.S.C. § 2342, bars this Court from overruling the FCC Orders, which exempt the calls from the TCPA.

WHEREFORE, Defendant Phillips & Cohen Associates, Ltd., respectfully requests this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed with prejudice at Plaintiff's costs pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for PCA, and for all other general and equitable relief.

Dated: November 30, 2011       Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
Phillips & Cohen Associates, Ltd.

## CERTIFICATE OF SERVICE

I certify that on this 30th day of November 2011, a copy of **Phillips & Cohen Associates, Ltd.'s Answer to Amended Class Action Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Adam J. Fishbein, Esq. (AF-9508)
    483 Chestnut Street
    Cedarhurst, NY 11516
    Tel.: (516) 791-4400
    Fax.: (516) 791-4411
    fishbeinadamj@gmail.com
    Attorney for Plaintiff

                      By: /s/ Aaron R. Easley
                              Aaron R. Easley, Esq.
                              Attorney for Defendant
                              Phillips & Cohen Associates, Ltd.